PER CURIAM.
This attorney-discipline matter is before us on the complaint of The Florida Bar, the report of the referee, and the respondent’s conditional guilty plea for consent judgment.* In a five-count complaint, the Bar charged respondent with improper conduct in his representation of sixteen different clients and with the misappropriation of more than $30,000.
Neither party contests the referee’s report, in which the referee recommended that respondent be found guilty of violating Disciplinary Rule 1-102(A)(4) of The Florida Bar Code of Professional Responsibility (conducting involving dishonesty, fraud, deceit, or misrepresentation); D.R. 1-102(A)(6) (conduct which adversely reflects on fitness to practice law); D.R. 2-106(A) (entering into agreement for, charging, or collecting an illegal or excessive fee); D.R. 2-110(A)(3) (failure to properly refund unearned fees); D.R. 6-101(A)(3) (neglect of legal matter); D.R. 7-101(A)(l) (failure to seek the lawful objectives of client); D.R. 7-101(A)(2) (failure to carry out a contract of employment); D.R. 7-101(A)(3) (intentionally prejudicing client during the course of the professional relationship); D.R. 9-102(B)(4) (failure to promptly pay or deliver on client’s request the client’s funds or properties); and article XI, Rule 11.02(4) of the Integration Rule of The Florida Bar (misapplication of trust funds). The respondent was suspended from the practice of law by this Court on September 22, 1983, for this misconduct. The referee recommended that respondent be disbarred from the practice of law in Florida, that he be allowed to apply for readmission three years from September 22, 1983, and that respondent be required to make restitution to his former clients.
We approve the referee’s findings of fact and recommendation regarding discipline.
Judgment for costs in the amount of $1,796.39 is hereby entered against respondent, for which let execution issue.
It is so ordered.
OVERTON, Acting C.J., and ALDERMAN, MCDONALD, EHRLICH and SHAW, JJ., concur.

 We have jurisdiction. Art. V, § 15, Fla. Const.